WALTER L. STECKEL ET AL., PARTNERS, AS STECKEL SAND COMPANY, v. CHARLES T. CAVANAGH.

Argued October term, 1927—Decided February 8, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff, *William C. Gebhardt & Son.*

For the defendant, *Brenner & Kresch.*

PER CURIAM.

The case was tried before the court and a jury in the Warren Circuit, and a verdict was rendered for the plaintiffs for $4,708.

The plaintiffs contracted, in writing, to furnish defendant sand and gravel to be used in the construction of the Phillipsburg-Belvidere road, at the price of one dollar a ton for both sand and gravel.

The contract contained the following stipulation as paragraph seven:

"We [plaintiffs] knowing that our gravel weighs ninety-three pounds per cubic foot, and our sand weighs eighty-one pounds per cubic foot, agree to accept payment based on the above weights, measurement of batches to be agreed upon between us, this to avoid the time lost in weighing each truck load."

The plaintiffs billed the material to the defendant by actual weight taken from the scale tickets. By stipulation of counsel the only reason argued is that the verdict is contrary to

the law. This, of course, is not a proper reason, and presents no basis for reversal. But three grounds are urged in support of the reason, the first being that defendant was not bound by oral modification of the contract. The court properly left to the jury the question of modification of the contract by mutual agreement or by ratification. There was evidence that defendant's superintendent ordered the material to be billed by actual weight, the weight to be marked on slips to be signed by drivers of the trucking firm engaged by the defendant.

The contract provided for a price of one dollar per ton. Paragraph seven could be construed to give the defendant, in order to avoid delay in actual weighing, the option of considering a certain volume of the material as equivalent to a given weight. Under such construction there was no modification of the contract, but simply an election by the defendant as to the practical method to be used in arriving at the weights.

The second ground is that the superintendent had no authority to modify the contract. The evidence showed that the superindendent had charge of the entire work; that he hired and discharged help; made up payrolls; ordered repairs; hired apparatus, and that the compartments of the trucks were so filled as to contain more than a cubic yard of earth.

The third ground is that no acquiescence in the modification of the contract was shown. The defendant admitted that he knew the material was being weighed and billed according to actual weight, and with this knowledge he paid a number of the bills. He, however, testified that he immediately wrote a letter protesting the bills, and the payment of the same, and this was denied by the plaintiff. The defendant contracted with the trucking firm to pay them by actual weight. We think under this evidence that the questions presented for determination were issues of fact, and properly submitted to the jury.

The rule will therefore be discharged.